United States District Court
for the
Southern District of Florida

| | |
|---|---|
| S.G. Associates of Miami, Inc.,<br>Plaintiff,<br><br>v.<br><br>Western World Insurance Company,<br>Defendant. | )<br>)<br>)<br>) Civil Action No. 21-22753-Civ-Scola<br>)<br>)<br>)<br>) |

**Order Granting Motion to Dismiss Count Two**

    In this commercial-insurance property dispute, Defendant Western World Insurance Company seeks dismissal of Plaintiff S.G. Associates of Miami, Inc.'s claim for declaratory relief, as expressed in count two of the complaint. (Def.'s Mot., ECF No. 6.) S.G. Associates has not timely responded to the motion and has even ignored the Court's order to show cause, directing it to advise the Court of its position. (End. Order, ECF No. 7.)

    As an initial matter, the Court notes that under the Local Rules, the failure to file a response to a motion is sufficient cause to grant that motion by default. S.D. Fla. L.R. 7.1(c). Even so, the Court has nonetheless considered Western World's motion and agrees count two of the complaint should be dismissed on its merits as well.

    "The Declaratory Judgment Act 'permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty.'" *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1230 (S.D. Fla. 2009) (Marra, J.) (quoting 10B C. Wright & A. Miller, *Federal Practice & Procedure,* Civil 3d § 2751 (2004)). Declaratory relief is "designed to permit an adjudication whenever the court has jurisdiction, there is an actual case or controversy, and an adjudication would serve a useful purpose." *Id.* (quoting *Allstate Ins. Co. v. Employers Liability Assur. Corp.,* 445 F.2d 1278, 1280 (5th Cir.1971). Here, S.G. Associate's petition for a declaratory judgment serves no useful purpose because it involves only past conduct which has already ripened into a breach-of-contract claim: there is no future uncertainty to resolve. *See Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, No. 11-21163-CIV, 2012 WL 1416428, at *2 (S.D. Fla. Apr. 24, 2012) (Goodman, Mag. J.) ("A court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim."); *Fernando Grinberg Tr. Success Int. Properties LLC v. Scottsdale Ins. Co.*, No. 10-20448-CIV, 2010 WL 2510662, at *2 (S.D. Fla. June 21, 2010) (Cooke, J.) (concluding that where a "claim for declaratory

judgment is subsumed within [a] claim for breach of contract, the declaratory action must be dismissed"). The request for declaratory relief, then, is entirely duplicative of the breach-of-contract claim. *See Sierra Equity*, 650 F. Supp. 2d at 1231 ("questions regarding whether torts have been committed or a contract was adequately performed is unrelated to the purpose behind the Declaratory Judgment Act"). Declaratory relief in this case is thus inappropriate and the Court therefore **grants** Western World's motion to dismiss count two (**ECF No. 6**).

Additionally, the Court forewarns counsel for S.G. Associates—**Massiel Vazquez and Maximo Alexander Santiago**—any further disregard of the Court's orders or rules will subject them, and possibly their client, to sanctions.

**Done and ordered**, at Miami, Florida, on September 30, 2021.

_____
Robert N. Scola, Jr.
United States District Judge