United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| S.G. Associates of Miami, Inc., Plaintiff, | ) ) ) ) | |
| v. | ) ) ) | Civil Action No. 21-22753-Civ-Scola |
| Western World Insurance Company, Defendant. | ) ) ) | |

**Order Granting Motion for Summary Judgment**

This is a property insurance case involving Plaintiff S.G. Associates of Miami, Inc.'s ("S.G.") failure to give prompt notice to Defendant Western World Insurance Company ("Western World") (Compl. ECF No. 1-1, 9-13). Western World now seeks summary judgment, submitting there is no genuine issue of material fact regarding S.G.'s failure to give prompt notice of its insurance claim. (Defs.' Mot. For Summ. J., ECF No. 25.) S.G. has not responded and the time do so has passed. After careful consideration of Western World's motion and supporting statement of material facts, the Court **grants** (**ECF No. 25**) summary judgment in its favor.

**1. Background**

Under the Local Rules, any uncontroverted facts may be deemed admitted so long as "the Court finds that the material at issue is supported by the properly cited record evidence" and there is no applicable exception under Federal Rule of Civil Procedure 56. S.D. Fla. L.R. 56.1(c). With this framework in mind, in conjunction with S.G.'s failure to respond to Western World's motion or statement of facts, the Court finds the undisputed facts in this case as follows.

S.G. owns property located at 3425 NW 71st Street, Miami, Florida, that was covered by an insurance policy issued by Western World. (Def.'s Stmt. of Mat. Facts ¶ 1, ECF No. 24.) The day after Hurricane Irma struck the area, in September 2017, S.G. saw that portions of its property had sustained damage: a tree had fallen and hit a fence, the power was out, and water had intruded into the property. (*Id.* ¶ 4.) S.G. also noticed roofing debris in the parking lot. (*Id.*)

Under the parties' insurance policy, "in the event of loss or damage[]," S.G. must provide Western World "prompt notice of the loss or damage," including "a description of the property involved" and, "as soon as possible," "a description of how, when and where the loss or damage occurred." (Policy, ECF No. 20, 22.)

Well over two years after the storm, S.G. noticed a leak, into the interior of the property, coming from the roof. (Def.'s Stmt. ¶ 5.) To address the leak, S.G.

had a handyman make several patches to the roof. (*Id.* ¶ 6.) After these patches had been made, S.G. reported a claim to Western World, in July 2020. (*Id.* ¶¶ 3, 6.) S.G.'s claim totals $428,636.76, including $309,131.48 to replace the roof. (*Id.* ¶ 14.)

In response to S.G.'s claim, Western World sent S.G. a reservation-of-rights letter, citing, among other things, S.G.'s failure to provide prompt notice. (*Id.* ¶ 7.) Notwithstanding its reservations of rights, Western World had a loss consultant inspect S.G.'s property in August 2020 and, thereafter, in September, had an engineer inspect it as well. (*Id.* ¶¶ 8–11.) The engineer issued his report, in October 2020, observing no "indications of damage to the roof surface that were consistent with the effects of elevated wind forces or impact from wind-borne debris." (Eng. Rep., ECF No. 22-2, 6.) Thereafter, on October 21, 2021, Western World denied S.G.'s claim, citing, among other things, S.G.'s failure to give prompt notice. (Def.'s Stmt. ¶ 13.)

In May 2021, S.G. filed this lawsuit in Florida state court, asserting one count for breach of contract against Western World and one count for a declaratory judgment. (Compl. at 11–12.) Western World removed the case to this Court in July 2021, based on federal diversity jurisdiction (Def.'s Not. of Removal, ECF No. 1) and then sought, and was granted, dismissal of the declaratory-judgment count (Order, ECF No. 11.)

In its complaint, S.G. asserts that Western World breached the policy by denying the claim and refusing to pay the full amount of damages sustained to the property. In answering, Western World raises as its second affirmative defense that S.G. "failed to provide prompt notice of the loss," as required under the policy. (Ans., ECF No. 12, 6.) Western World now argues that S.G.'s failure to provide prompt notice of the loss both breached the policy and materially prejudiced Western World's investigation of the claim, thus abrogating Western World's obligation to pay under the policy (*Id.*)

## 2. Legal Standards

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most

favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings, through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings, through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. The nonmovant's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court will not weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the nonmoving party. *Id.*

Insurance policy interpretation is a question of law for the Court, and absent ambiguity, the Court gives full effect to the terms of the policy through their plain meaning. *MC. & VC Corp. v. Scottsdale Ins.*, No. 21-cv-607292021 WL 6125799, at * 2 (S.D. Fla. Dec. 27, 2021) (Ruiz, J.) (citing *Canal Indem. Co. v. Margaretville of NSB, Inc.*, 562 F. App'x 959, 961-62 (11th Cir. 2014).

Even though Western World's motion is unopposed, the Court cannot simply grant summary judgment in its favor solely by virtue of S.G.'s failure to respond. Instead, the Court is required to consider the merits of the motion. *United States v. One Piece of Property*, 5800 S.W. *74th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion.").

### 3. Analysis

Western World moves for summary judgment, arguing that S.G. did not provide prompt notice of its claim as a matter of law, such that prejudice to S.G. is presumed. In addition to a presumption of prejudice, Western World further contends it has established actual prejudice. The Court agrees on both points: not only is the presumption of prejudice unrebutted by the record, but Western World has also shown it was actually prejudiced by the delay.

Under Florida law, "the failure of an insured to give timely notice of loss in contravention of a policy provision is a legal basis for the denial of recovery under the policy." *Ideal Mut. Ins. Co. v. Waldrep*, 400 So. 2d 782, 785 (Fla. 3d DCA 1981). The "purpose of policy provisions requiring prompt notice 'is to enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it." *PDQ Coolidge Formad, LLC v. Landmark Am. Ins. Co.*, 566 F. App'x 845, 847 (11th Cir. 2014) (quoting *Laster v. United States Fidelity & Guaranty Co.*, 293 So. 2d 83, 86 (Fla. 3d DCA 1974)).

The "question of whether an insured's untimely reporting of loss is sufficient to result in the denial of recovery under the policy implicates a two-step analysis." *Yacht Club on the Intracoastal Condo. Assoc., Inc. v. Lexington Ins. Co.*, 599 F. App'x 875, 879 (11th Cir. 2015) (quoting *Ideal Mut.*, 400 So. 2d at 785). "The first step is to determine whether the insured provided timely notice. Next, if notice was untimely, prejudice to the insurer is presumed, but that presumption may be rebutted." *Id.* (citing *Bankers Ins. Co. v. Macias*, 475 So. 2d 1216, 1218 (Fla. 1985)). The Court will address each step, in turn.

### A. Notice

"[T]here is no bright line rule under Florida law setting forth a particular period of time beyond which notice cannot be considered prompt." *Yacht Club*, 599 F. App'x at 879 (cleaned up). Instead, Florida Courts generally interpret the terms "'prompt,' 'as soon as practicable,' 'immediate,' or comparable phrases" in an insurance policy to "mean that notice should be given with reasonable dispatch and within a reasonable time in view of all the facts and circumstances of the particular case." *Id.* (cleaned up). In other words, "[n]otice is necessary when there has been an occurrence that should lead a reasonable and prudent [person] to believe that a claim for damages would arise." *Id.* (quoting *Ideal Mut.*, 400 So. 2d at 785).

S.G. did not provide "prompt notice" of the loss. The undisputed facts establish that nearly three years passed from the time S.G. learned of the property damage to when it notified Western World of its claim. Further, a handyman repaired the damages prior to S.G.'s submitting its claim. Notably, numerous Florida cases have found shorter delays untimely as a matter of law. *See, e.g., PDQ*, 566 F. App'x at 849 (finding six-month delay untimely as a matter of law); *Ideal Mut.*, 400 So. 2d at 785 (six weeks); *Deese v. Hartford Accident & Indem. Co.*, 205 So. 2d 328, 329 (Fla. 1st DCA 1967 (four weeks); *Lehrfield v. Liberty Mut. Fire Ins. Co.*, 396 F. Supp. 3d 1178, 1182 (S.D. Fla. July 9, 2019) (Scola, J.) (eight months); *Audalus v. Scottsdale Ins. Co.*, 20-cv-62559, 2021 WL 7287648 at *4 (S.D. Fla. Sept. 9, 2021) (Singhal, J.) (two years). Further, no

evidence is proffered to explain this delay. *See Lehrfield*, 396 F. Supp. 3d at 1183 (criticizing the plaintiffs' failure to produce any evidence explaining or justifying the eight-month delay in notice).

Under the facts and circumstances of this case, the three-year delay in notifying Western World of the loss was unreasonable. As such, the Court concludes that S.G. did not provide "prompt notice" of the loss as a matter of law. A presumption of prejudice to Western World therefore arises, shifting the burden of rebuttal to S.G.

### B. Presumption of Prejudice

Because prejudice to Western World is presumed, the burden shifts to S.G. "to show lack of prejudice where the insurer has been deprived of the opportunity to investigate the facts."[1] *Yacht Club*, 599 F. App'x at 881. Under Florida Law, "prejudice is properly resolved on summary judgment where an insured fails to present evidence sufficient to rebut the presumption." *PDQ*, 566 F. App'x at 849. To carry this burden, an insured may submit evidence creating a dispute of fact as to: "(a) whether better conclusions could have been drawn without the delay" in providing notice, "(b) whether those conclusions could have been drawn more easily," "(c) whether the repairs to the affected areas that took place in the interim would complicate an evaluation of the extent of the damage or [the insured's] efforts to mitigate its damages," or (d) whether "an investigation conducted immediately following the occurrence would not have disclosed anything materially different from that disclosed by the delayed investigation." *Id.* at 849–50; *Yacht Club*, 599 F. App'x at 881–82.

Here, S.G. never filed a response to Western World's motion and so the presumption of prejudice has gone unrebutted. *See Audalus,* 2021 WL 7287648 at *3 (citing *Martinez-Claib, M.D. v. Bus. Men's Assur. Co. of Am.*, 349 F. App'x 522, 525 (11th Cir. 2009); *Tiedtke v. Fid. & Cas. Co. of N.Y.*, 222 So. 2d 206, 209 (Fla. 1969)) (finding that the presumption of prejudice unrebutted where the plaintiffs did not respond to the defendant's motion for summary judgment). Furthermore, Western World has gone a step further and shown that the delay of notice was actually prejudicial towards it. Western World could not inspect the property shortly after the damage or before the patch repairs and the damage was not in the same condition it was right after the storm. (Def.'s Stmt. ¶¶ 3–5); *see PDQ Coolidge Formad,* 566 F. App'x at 850 (finding that no information was

---

[1] In *SFR Services, LLC v. Hartford Ins. Co. of the Midwest*, 21-cv-2340519, 2022 WL 2340519 at *5 (S.D. Fla. June 29, 2022) (Ruiz, J.), the Court held that there is no presumption of prejudice that arises when a policy provision requires that an insured's failure to give prompt notice be prejudicial to the insurer. Here, the policy did not contain this provision and therefore the presumption of prejudice does arise under the policy language here.

proffered to indicate that the condition of the property was in the same condition as it was right after the storm). Western World is entitled to summary judgment: not only has the presumption of prejudice gone unrebutted, but Western World has also shown actual prejudice caused by S.G.'s delay.

**4. Conclusion**

In sum, the Court **grants** Western World's motion for summary judgment (**ECF No. 25**). Western World has demonstrated that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. The Clerk is, thus, directed to **close** this case. Any other pending motions are **denied as moot.**

**Done and ordered** in Miami, Florida, on July 13, 2022.

                                                  Robert N. Scola, Jr.
                                                United States District Judge